UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES, SR.,

                Plaintiff,

      -against-

POLICE OFFICER "JANE" DOE,

                Defendant.

21-CV-9199 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. He originally filed the complaint in the United States District Court for the Eastern District of New York, when he was detained on Rikers Island. In addition to the complaint, Plaintiff filed a request to proceed *in forma pauperis* ("IFP"), a motion for the appointment of counsel, and a motion to amend. (ECF 2-3, 8.) On November 4, 2021, the Eastern District transferred the action here. (ECF 9.)

    According to publicly available records, Plaintiff is barred from filing any new action IFP while he is a prisoner. *See Jones v. Wadley*, No. 13-CV-4128 (W.D. Mo. May 28, 2013) (citing *Jones v. Norman*, No. 4:13-CV-0596 (E.D. Mo. Apr. 3, 2013), which set forth three cases that had been dismissed as frivolous, malicious, or for failure to state a claim). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that Defendant, a New York City Criminal Justice Coordinator, did not process his vouchers, in which Plaintiff had requested payment after he "gain[ed] dismissal via pro hac vice … [of his] 11 misdemeanors." (ECF 1, at 4.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future civil action IFP while he is in custody, unless he is under imminent threat of serious physical injury. *Id.* The Court notes that Plaintiff is also barred, under 28 U.S.C. § 1651, from filing any new action IFP without first obtaining from the court leave to file. *See Jones v. Stewart*, ECF 1:16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016).

The Clerk of Court is directed to terminate all motions in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

3

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    November 16, 2021
             New York, New York

                                                        /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                          Chief United States District Judge